PER CURIAM.
We affirm the final judgment of the trial court terminating appellant’s parental rights as to her child, A.N.B. Although she argues that the trial court failed to make a finding that reunification posed a substantial risk of significant harm to the child, as required by Padgett v. Department of Health & Rehabilitative Services, 577 So.2d 565, 571 (Fla.1991), the trial court found that: “The mother lacks the capacity to care for her children to the extent that his safety, well-being, physical, mental, and emotional health would be endangered if he was returned to her home.” We conclude that this finding meets the requirement of Padgett. In addition, the court found that termination was the least restrictive means of protecting the child. While appellant argues that the trial court’s findings are not supported by competent substantial evidence, our review of the record reveals that the evidence did support termination of appellant’s rights on the grounds that: (1) the mother’s continued involvement threatened the well-being of the child, irrespective of the provision of services, pursuant to section 39.806(l)(c), Florida Statutes; and (2) the mother had abandoned A.N.B. within the statutory meaning because the mother did not provide financial support and did not have a substantial and positive relationship with the child, pursuant to section 39.806(l)(b), Florida Statutes.

Affirmed.

WARNER and STEVENSON, JJ., concur.
CONNER, J., concurs in part and dissents in part.