PER CURIAM.
The mother appeals an order terminating her parental rights to her three older children. She argues the trial court’s findings that termination of her parental rights was in the manifest best interest of the children, as well as the least restrictive means to protect the children, are not supported by competent, substantial evidence. She also argues the trial court erred in basing the termination on her failure to comply with the case plan. We disagree with all three arguments and affirm.
Section 39.806(l)(e)2, Florida Statutes (2010), provides for the termination of parental rights when the children have been adjudicated dependent and “[t]he parent *992 or parents have materially breached the case plan .... ” § 39.806(l)(e)2, Fla. Stat. (2010). Under section 39.806(l)(e)l, failure to “substantially comply with the case plan ... constitutes evidence of continuing abuse, neglect, or abandonment.” § 39.806(l)(e)l, Fla. Stat. (2010). Here, the trial court concluded that the Department of Children and Families had met the burden of establishing by clear and convincing evidence that the mother “continues to abuse, abandon and neglect her children due to her failure to substantially comply with the case plan for a period of 29 months,” and the respective fathers had abandoned the children. We have reviewed the record; the trial court’s factual findings and conclusions are supported by competent, substantial evidence. T.C. v. Dep’t of Children & Families, 961 So.2d 1060, 1061 (Fla. 4th DCA 2007).
The trial court further found that termination of the mother’s parental rights was the least restrictive means of protecting the children, and having weighed the relevant options, was in the children’s best interest. We also find these conclusions supported by the record and the trial court’s factual findings. We have previously affirmed the termination of her parental rights to her youngest child. R.B. v. Dep’t of Children & Families, 80 So.3d 1078, 1079 (Fla. 4th DCA 2012). We now affirm this termination order.

Affirmed.

MAY, C.J., TAYLOR and CIKLIN, JJ., concur.